# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### UNITED STATES OF AMERICA

**Plaintiff,**

**V.**                                 **CRIMINAL NO. 07-165-SLR**

### JERMANE VESSELS

**Defendant,**

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

Defendant, Jermane Vessels, by and through his counsel, Peter A. Levin, hereby

moves the Court, pursuant to Fed. R. Crim. P. 12 (b) (3) and the Fourth and Fifth

Amendments to the United States Constitution, to suppress all evidence that was obtained

from Defendant, and all statements made to law enforcement officers.

In support of this motion Defendant submits the following:

1.     On November 30, 2007, at approximately 19:54 hours (7:54 p.m.), Wilmington

Police were on patrol and stopped a vehicle in the 1600 block of West 5th Street in

the city of Wilmington, New Castle county, Delaware that according to the officer

was driving the wrong way on a one way street.[1]

---

[1] Any facts contained in this motion were taken from the police reports and discovery given to the Defense. By including these facts in its pre-trial motion, the Defense in no way concedes that the events transpired as stated in the police reports. It is the Defense's position that an evidentiary hearing is needed to develop the official record of facts.

2.    When the vehicle came to a stop, the back seat passenger, according to the officer, opened the back passenger door, directly behind the driver, and fled on foot. The passenger was later identified as the Defendant, Jermane Vessels.

3.    According to the officer, a short foot pursuit ensued and the Defendant was tackled in the 1600 block of West 4th Street by the Wilmington Police. During the tackle, the officer said he observed the Defendant throw an object across the street. Another officer said that he observed the officer throw the object and saw that it was a firearm. That officer recovered the firearm that he said he saw the Defendant toss and saw that it was a Berretta, 25-caliber firearm loaded with eight rounds in the magazine.

4.    The Defendant was transported to the Wilmington Police Department. While he was in police custody he made several incriminating statements to law enforcement officers without being informed of, or waiving, his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966).

5.    Defendant was arraigned on December 6, 2007, and entered a plea of not guilty to 18 USC §922 (g) (1) and §924 (a) (2), Felon in possession of a Firearm.

6.    The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

7.    A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement

officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing
California v. Hodari D., 499 U.S. 621, 626 (1991).

8.    In the present case, there was no probable cause or reasonable suspicion to justify
the initial stop of the car in which Defendant was a passenger, or to justify the
subsequent seizure of Defendant. "When police make a traffic stop, a passenger in
the car, like the driver, is seized for Fourth Amendment purposes and [] may
challenge the stop's constitutionality." Brendlin v. California, 127 S.Ct. 2400,
2401, 2007 WL 1730143 (U.S.Cal.). A seizure without a warrant or probable
cause may only be conducted in the form of a brief investigatory stop, when the
officer has reasonable suspicion that the individual is engaged in criminal activity.
Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

9.    Defendant was clearly seized by police in this case. At the time of Defendant's
seizure, there was no reasonable suspicion or probable cause to believe that he
was involved with any criminal activity. Thus, any subsequent search of
Defendant was illegal and in violation of the United States Constitution. Because
the seizure was illegal, all evidence seized as a result of this illegal seizure,
including any statements taken from Defendant following his seizure, must be
suppressed in accordance with the "fruit of the poisonous tree doctrine", as was
expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

10.   Defendant also moves under the Fifth Amendment and Miranda to suppress any
statements he allegedly made during, or subsequent to, his illegal search and
seizure.

11.    The Supreme Court, relying on the Fifth Amendment, has made it clear that

involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due
> process of law if his conviction is founded in whole or in part upon an
> involuntary confession, without regard to the truth or falsity of the
> confession, and even though there is ample evidence aside from the
> confession to support the conviction.

Jackson v. Denny, 378 U.S. 368, 376 (1964) (citations omitted).

12.    Miranda v. Arizona, 384 U.S. 436 (1966), firmly establishes that before the

government can use statements obtained from the defendant though custodial

interrogation, it must show both that the police adequately warned the Defendant

of his rights, such as his right to remain silent and to have court-appointed

counsel, and that the defendant knowingly, voluntarily and intelligently waived

those rights.

13.    The government bears a heavy burden to prove that the Defendant made such a

waiver. Brewer v. Williams, 430 U.S. 387 (1977). Waiver in this context

requires the "intentional relinquishment or abandonment of a known right or

privilege." Miranda v. Arizona, 384 U.S. 436 (quoting Johnson v. Zerbt, 304

U.S. 458, 464 (1938)).

14.    In the present case, there was no affirmative indication of understanding or

voluntary waiver of the entire litany of constitutional rights. See Miranda, 384

U.S. at 473-74 (discussing that each right must be explained and attendant rights,

such as the right to appointed counsel, must also be specifically explained and

understood by the defendant).

15.    Upon a hearing in this matter, the facts will show that Defendant was not in the

frame of mind at the time he was questioned by police to adequately understand

his rights, and that he did not voluntarily waive them, and his statements were

therefore not knowing or voluntary.

WHEREFORE, Defendant, Jermane Vessels, respectfully requests that this Court

conduct a hearing to further develop the facts related to this motion and subsequently

enter an Order to suppress the evidence and statements as discussed above.

Respectfully Submitted,

Peter A. Levin
Attorney for the Defendant
1927 Hamilton Street
Philadelphia, PA  19130
(215) 563-3454

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the

within Motion has been served upon by First Class Mail to:

Martin C. Meltzer, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE 19899-2046

Dated: 1 30 08

Peter A. Levin
Attorney for the Defendant
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454
(215) 563-3371 fax

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

**Plaintiff,**

**V.**                                    **CRIMINAL NO. 07-165-SLR**

**JERMANE VESSELS**

**Defendant,**

## ORDER

The Court having considered Defendant, Jermane Vessels, Motion to Suppress Physical Evidence and Statements, and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____day of _____, 2008, that any evidence seized at the time of Defendant's arrest in this case, including any statements made by Defendant, shall be suppressed.

BY THE COURT:

_____

Honorable
United States District Court